Opinion
 

 STEIN, J.
 

 Carlos Isaguirre Salazar (appellant) pled guilty to one count of sale of cocaine. (Health & Saf. Code, § 11352.) The court suspended imposition of sentence and placed appellant on three years of probation upon condition that he serve one year in county jail. Appellant violated probation twice, and each time probation was revoked and reinstated on the condition that he waive credits and serve additional time in county jail. The order reinstating and modifying probation on the second violation stated that appellant waived all prior credits for “all purposes.” Following revocation of his probation after a third probation violation the court sentenced appellant to five years in state prison. The court gave appellant credit for all time served in county jail after the date of the second waiver of credits.
 

 
 *1553
 
 Analysis
 

 Appellant contends that when he waived credits in connection with the second probation violation, he did not knowingly and intelligently waive credits against a future prison sentence. He asks that we modify the judgment to award an additional 445 days of custody and conduct credits. He also contends that the court incorrectly calculated all days in custody that were not included in the waiver.
 

 I.
 

 The Scope of the Waiver
 

 In
 
 People
 
 v.
 
 Johnson
 
 (1978) 82 Cal.App.3d 183 [147 Cal.Rptr. 55], the court held that a defendant may validly waive custody credits pursuant to Penal Code section 2900.5 as a condition of probation. Trial courts now routinely obtain such waivers from repeat probation violators, who, like appellant, have already served substantial amounts of county jail time as a condition of probation, and are approaching the maximum time set forth in Penal Code section 19.2. The waiver allows the court to reinstate probation on the condition that the defendant serve additional time in county jail, instead of facing “the Hobson’s choice of the ‘joint’ or a ‘straight walk.’ ” (82 Cal.App.3d at p. 187.)
 

 Since the
 
 Johnson
 
 decision, it is well settled that a defendant may waive custody credits as a condition of probation, or in exchange for other sentencing considerations.
 
 (People
 
 v.
 
 Ambrose
 
 (1992) 7 Cal.App.4th 1917, 1923 [9 Cal.Rptr.2d 812];
 
 People
 
 v.
 
 Zuniga
 
 (1980 108 Cal.App.3d 739, 742 [166 Cal.Rptr. 549];
 
 People
 
 v.
 
 Harris
 
 (1991) 227 Cal.App.3d 1223, 1227-1228 [278 Cal.Rptr. 391];
 
 People
 
 v.
 
 Harris
 
 (1987) 195 Cal.App.3d 717, 725 [240 Cal.Rptr. 891].) The waiver, however, must be “ ‘knowing and intelligent’ ” in the sense that it was made with “awareness of its consequences.”
 
 (People
 
 v.
 
 Harris, supra,
 
 195 Cal.App.3d at p. 725.)
 

 In this case, appellant admitted the second probation violation at a hearing on April 22, 1993. The court, in response to appellant’s inquiry, informed him that he would be waiving all credits except for the 63 days he had been in custody on the second probation violation. At the conclusion of the hearing, the court stated, without objection, that appellant’s prior credits “will be waived for all time and for all purposes.” On that same day the court entered an order reinstating probation, on the condition that he serve one year in county jail with 63 days credit for time in custody from his arrest on the second probation violation until the date of sentencing, and on the condition that all prior credits be waived for “all purposes.”
 

 
 *1554
 
 Appellant contends that he did not “knowingly and intelligently” waive these credits against a prison sentence upon revocation of probation. He relies on the fact that neither the court nor defense counsel specifically advised him on the record that the waiver of credits would apply to a prison sentence imposed upon subsequent revocation of probation. He argues we must therefore infer that he did not “knowingly and intelligently” waive the credits against a subsequent prison term.
 

 Appellant relies on cases concerning the advice and waivers that must be made on the record before accepting a guilty plea or admission of an enhancement allegation. (See, e.g.,
 
 People
 
 v.
 
 Howard
 
 (1992) 1 Cal.4th 1132, 1174-1178 [5 Cal.Rptr.2d 268, 824 P.2d 1315];
 
 People
 
 v.
 
 Moore
 
 (1992) 8 Cal.App.4th 411 [10 Cal.Rptr.2d 286].) These cases have imposed upon the trial courts the duty to expressly advise the defendant of the constitutional rights waived, and the consequences of the plea. None of these cases extend such an obligation to the trial court when obtaining a waiver of statutory rights pursuant to Penal Code section 2900.5.
 
 [1]
 

 No doubt the better course is to specifically advise the defendant on the record concerning the scope of a waiver of credits, as the court did in
 
 People
 
 v.
 
 Ambrose, supra,
 
 7 Cal.App.4th 1917. In
 
 Ambrose,
 
 the court required the defendant to waive any right to custody credit for the time spent in a drug rehabilitation program as a condition of probation. The court specifically warned the defendant that if he violated probation again he would go to state prison and would not receive any credits for the time he had been in custody.
 
 (Id.
 
 at p. 1923.) If the trial court takes the time to create such an unequivocal record, the scope of the waiver is explicit, and not vulnerable to later retraction, when the defendant is faced with state prison.
 

 Nevertheless, having carefully reviewed the entire record, we are confident that appellant understood at the April 22 hearing that he was waiving his prior custody credits, as the court then said, “for all time and for all purposes.”
 

 Prior to the April 22 hearing, appellant had already violated his probation once. After the first violation, to increase appellant’s incentive to comply with the terms of probation, the court sentenced appellant to five years in state prison, but suspended execution. The court reinstated probation upon the condition that appellant waive all prior custody credits and serve another
 
 *1555
 
 year in county jail, until he could be transferred to a live-in drug treatment program for one year. Therefore, appellant was already on notice that failure to perform successfully on probation would likely result in a prison sentence.
 

 The court also made it clear that he was to complete a one-year rehabilitation program regardless of how much time he spent in county jail awaiting a placement. Approximately a month later, appellant was released from county jail, the remainder of the one-year county jail sentence was stayed, and appellant was ordered to report to a residential drug rehabilitation program. He failed to report to the rehabilitation program or appear for a progress report, and was arrested again on February 24, 1993.
 

 At the April 22, 1993, probation revocation hearing appellant admitted the second probation violation. The court noted that it could simply lift the stay of the one-year county jail sentence because appellant failed to report to the drug rehabilitation program. In other words, the court did not need to obtain another waiver of credits for the limited purpose of requiring appellant to serve an additional year in county jail, because, in connection with his first probation violation, appellant had already agreed to those terms, yet did not serve a year in county jail or complete a drug rehabilitation program. If, as appellant suggests, he merely agreed to waive credits for the purpose of allowing the court to require him to serve an additional year in county jail, he would have been no worse off having committed the second probation violation than he was after the first.
 

 Even more telling is the fact that, when the court stated that the waiver of credits was for “all time and for all purposes,” neither appellant nor his counsel asserted that the court had misstated the scope of the agreed-upon waiver. Nor did appellant seek to correct the court’s written order, which unequivocally provided that the waiver of credits was “for all purposes,” as opposed to the more limited purpose of modification of probation. Moreover, at the sentencing after the third probation violation, the probation report presented a calculation of credits premised on the assumption that the April 22 waiver of credits was, as stated in the court’s order, “for all purposes.” Neither appellant nor his counsel suggested that there was any dispute concerning the scope of that waiver. The only discussion of credits concerned the calculation of days in custody subsequent to the April 22 waiver. Appellant’s silence in the face of each of these clear indications that the court considered the April 22 waiver to be “for all purposes” supports the inference that he understood the scope of the waiver.
 

 These facts distinguish this case from
 
 People
 
 v.
 
 Harris, supra,
 
 195 Cal.App.3d
 
 717,
 
 upon which appellant primarily relies. In
 
 Harris,
 
 the defendant had violated probation four times. He waived presentence credits as a
 
 *1556
 
 condition of reinstatement of probation after the second and third violations. Upon the fourth violation, the court revoked probation and sentenced the defendant to state prison, and only gave him credit for time served after his last waiver of credits.
 
 {Id.
 
 at pp. 719-720.) The Court of Appeal modified the judgment to award credits for all the time served in county jail, based on its determination that the defendant did not knowingly and intelligently waive credits against a prison term. As in this case, neither the court nor counsel, at the hearings in which the waivers were made, expressly advised the defendant on the record, before obtaining his waiver, that he was waiving the credits not only for the purpose of modification of probation but also against a state prison term, upon revocation of probation. The analogy, however, ends there.
 

 In
 
 Harris,
 
 the court never stated that either waiver of credits was “for all time and for all purposes,” and there apparently was no court order specifying the scope of the waivers. Moreover, at the sentencing hearing on his fourth probation violation, the defendant, Mr. Harris, and his counsel immediately raised the issue concerning the scope of his prior waivers of credits. Defense counsel represented that he had specifically advised the defendant that he would get credit for the time served if he went to state prison. The defendant further represented to the trial court that he believed he was waiving time only against the county jail time, and that he would not have waived time if he knew he would not receive credits against a state prison sentence. (195 Cal.App.3d at pp. 721-725.)
 

 By contrast, in this case, appellant remained silent despite the fact that the April 22, 1993, order, the probation report, and the court all deemed his waiver of credits to be “for all purposes.” As a consequence, the record on appeal contains no affirmative evidence that he was neither advised of, nor understood, the scope of his waiver. The record also lacks any evidence that appellant would not have waived credits had he been correctly advised.
 

 We conclude that the record on appeal does not support appellant’s contention that he did not knowingly and intelligently waive all prior credits except for 63 days, for all purposes, as stated in the April 22, 1993, order.
 

 II.
 

 Calculation of Credits Earned After Appellant’s Waiver
 

 Appellant also contends that, even if he is not entitled to credits for the time in custody that he waived at the April 22, 1993, hearing, that the court miscalculated the postwaiver credits to which he was entitled. He asserts that
 
 *1557
 
 the court failed to credit him with the 63 days of credit that were excluded from the April 22 waiver. The Attorney General asserts that the court did not overlook the 63 days.
 

 “The appropriate method of correction of errors of this kind is to move for correction in the trial court. It is the obligation of the superior court, under section 2900.5, to calculate the number of credit days and include same in the abstract of judgment .... If a dispute arises as to the correct calculation of credit days, such should be presented on noticed motion ‘for resolution to the court which imposed the sentence and which has ready access to the information necessary to resolve the dispute. . . .’”
 
 (People
 
 v.
 
 Culpepper
 
 (1994) 24 Cal.App.4th 1134, 1138 [29 Cal.Rptr.2d 719], quoting
 
 People
 
 v.
 
 Fares
 
 (1993) 16 Cal.App.4th 954, 958 [20 Cal.Rptr.2d 314].) If the appellant is unable to obtain relief in the trial court, the postjudgment order denying modification of the sentence is an appealable order.
 
 (People
 
 v.
 
 Fares, supra,
 
 16 Cal.App.4th at p. 958.) Henceforth, “appellate counsel should attempt correction in the trial court. . . . However, counsel should be warned that
 
 this
 
 court reserves the right in the future summarily to dismiss appeals directed to correction of presentence custody calculations when it appears that prior resort to the trial court in all likelihood would have afforded an adequate remedy.”
 
 (People
 
 v.
 
 Culpepper, supra,
 
 24 Cal.App.4th at p. 1139.)
 

 In this case, instead of dismissing the appeal we shall simply remand to the trial court because it is in the best position to determine whether it correctly calculated the credits to which appellant was entitled.
 

 Conclusion
 

 The matter is remanded to the trial court for the limited purpose of resolving the question whether it correctly calculated the number of credits appellant is entitled to after his April 22, 1993, waiver. In all other respects, the judgment is affirmed.
 

 Newsom, Acting P. J., and Dossee, J., concurred.
 

 [1]
 

 Our Supreme Court has held that even in cases where the court has such a duty, the absence of specific advice on the record does not automatically invalidate the waiver, admission or plea, if the record otherwise shows, from the totality of circumstances, that it is voluntary and intelligent.
 
 (People
 
 v.
 
 Howard, supra,
 
 1 Cal.4th 1132, 1175.)