Filed 9/4/13  P v. Obregon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND GARDUNO OBREGON,<br><br>Defendant and Appellant. | C070695<br><br>(Super. Ct. Nos. CRF102348, CRF073877) |

This is an appeal after remand for a hearing on whether defendant Raymond Garduno Obregon is entitled to additional custody credit for time spent in residential treatment and for time spent in custody as a sentenced prisoner.  In *People v. Obregon* (Jan. 12, 2012, C066722) [nonpub. opn.] (*Obregon I*), after defense appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), defendant filed a supplemental brief.[1]  He contended, inter alia, that he was entitled to additional presentence custody credit, the same claims which were then pending a hearing in the

---

[1] This court treated defendant's motion to augment the record as a motion to incorporate case No. C066722 by reference and, as such, granted the motion.

1

trial court at the time the opinion in *Obregon I* was written. Because the record on appeal in *Obregon I* did not reflect that the trial court had determined whether defendant was entitled to custody credit for time spent in residential treatment, we remanded for a hearing on the issue. We also noted that defendant appeared to be correct in his assertion that he was entitled to additional credit for time spent in custody prior to resentencing.

On remand, the court did not award any credit for time spent in residential treatment or for time spent on a Sutter County offense, the term for which the court had modified.

Defendant appeals. He contends he is entitled to additional credit for time spent in residential treatment, for time spent in another jail awaiting transfer, and for time as a sentenced prisoner. We will remand again for the trial court to calculate the time defendant spent in custody, jail, or prison on the Sutter County offense on which the trial court modified sentence.

**Credit for Residential Treatment**

On remand, the probation officer reported that defendant was "not entitled to credit (actual or conduct) for the time he spent in residential treatment" because he had "agreed to waive all custody credits accrued while in a program." In refusing to award additional credit for residential treatment, the trial court impliedly agreed.

In case No. CRF073877, defendant entered a no-contest plea to transportation of methamphetamine and was granted Proposition 36 probation. Defendant signed a "Declaration and Order Regarding Plea of Guilty/No Contest to a Felony," a standard form, which contains no reference to a waiver of residential treatment credits. The reporter's transcript of the entry of defendant's plea likewise reflects no discussion of a waiver of residential treatment credits. In the "Order Admitting Defendant to Probation" under Proposition 36, which sets forth 21 paragraphs of the standard terms and conditions of probation, paragraph 8 provides: "Probationer shall enter into and successfully complete a substance abuse treatment program as directed by the Probation Officer;

2

program to be secured and approved by the Probation Officer. *If in a residential treatment program, probationer agrees to waive all custody credits that might accrue while in said program.* If now in custody, probationer may be released to the custody of the Probation Officer for transport to the program. Regardless of whether the treatment selected is residential or outpatient, probationer must be in the program within 30 days of this order." (Italics added.)

Defendant entered his plea and was granted probation the same day (August 22, 2007). He also signed the declaration and order of probation the same day. Before defendant entered his plea, the court asked defendant whether he had "gone over the terms of [his] probation order." The court noted that defendant had signed the terms, which defendant confirmed. When asked if he had any questions, defendant asked about the requirement of employment (paragraph 7 of the 21 paragraphs of terms and conditions). After discussion of the employment requirement, the court asked, "[o]ther than what we've talked about, what you've gone over in the plea agreement in terms of probation order [*sic*], has anybody promised you anything else . . . ?" Defendant answered in the negative and then entered his plea.

Defendant was granted Proposition 36 probation, which he violated in short order; he was reinstated, violated again within months, committed new offenses, was sent to prison in Sutter County in May 2010, and was resentenced in Yolo County in November 2010.

Defendant argues the standard waiver of residential treatment credits without the trial court's exercising case-specific discretion is invalid. The People respond that by arguing the trial court abused its discretion in implementing a standard waiver of custody credits "as part of [defendant's] plea," defendant is attacking the validity of his plea, which requires a certificate of probable cause. In reply, defendant claims he is not attacking the validity of the plea but instead the terms of the sentence.

Although defense appellate counsel filed a *Wende* brief in *Obregon I*, defendant filed a supplemental brief raising the issue of credits for residential treatment and the People did not respond. After the opinion in *Obregon I* was filed, remanding the matter on the issue of credits, the People did not seek rehearing to assert that the waiver of credits was part of defendant's plea. In any event, the record does not clearly reflect that waiver of credits was a term of the negotiated plea agreement since the same was not in the plea form, the probation terms were not incorporated by reference in the plea form, and there was no oral mention of waiver of credits at the entry of plea hearing.

Anticipating that defendant does not need a certificate of probable cause, the People respond that the waiver issue is forfeited because defendant did not raise it in the first appeal. The People argue that defendant did not "argue that the trial court had abused its discretion in imposing the waiver of custody credits for the time [he] spent in the residential rehabilitation programs."

Again, the People did not respond to defendant's claim in his supplemental brief or petition for rehearing to raise the issue in *Obregon I*. The issue of waiver of credits was first raised on remand when defendant challenged the waiver. Although we reach the merits, we conclude that because defendant did not challenge the probation condition when it was imposed in 2007, he has forfeited the issue.

As the People argue, the standard waiver was knowing and intelligent in that defendant signed the standard terms and conditions after having reviewed the conditions of probation with his attorney, had no questions about the same (other than the employment condition), and signed the terms and conditions. Defendant accepted probation upon the terms set forth, including waiver of residential treatment credits. Defendant has forfeited his challenge to his waiver, including his claim that the trial court was required to exercise case-specific discretion. "[A] defendant who does not object to that probationary condition when it is imposed, [forfeits] the right to later challenge its validity on appeal." (*People v. Torres* (1997) 52 Cal.App.4th 771, 783 (*Torres*)

4

[defendant forfeited challenge to standard probation condition waiving custody credit for time spent in residential treatment]; see *People v. Welch* (1993) 5 Cal.4th 228, 230.)  "A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case. . . .  A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis."  (*Welch*, at p. 235.)

Even assuming defendant preserved his contention that the court abused its discretion by applying a standard policy requiring waiver of residential treatment credits, we would reject his claim.

"[W]hen defendants convicted of drug offenses are granted probation conditioned on participation in a residential drug treatment program, the court does not abuse its sentencing discretion by imposing as a standard condition of that probation a waiver of custody credits under Penal Code section 2900.5, subdivision (a) for time spent in the applicable rehabilitation facility."  (*Torres, supra,* 52 Cal.App.4th at p. 773, fn. omitted.) This court cited *Torres* with approval in *People v. Thurman* (2005) 125 Cal.App.4th 1453, 1460-1461, 1463-1464.  We agree with the reasoning in *Torres* and *Thurman* and decline to follow *People v. Penoli* (1996) 46 Cal.App.4th 298, 303-306 and *People v. Juarez* (2004) 114 Cal.App.4th 1095, 1103-1106, which defendant cites in support of his claim of case-specific exercise of discretion.[2]

**Credit for Time Spent on Sutter County Offense**

The probation officer reported that defendant was not entitled to credit from May 4, 2010, onward since he "was a sentenced prisoner out of Sutter County."  The

---

[2] *People v. Johnson* (2002) 28 Cal.4th 1050, 1055, footnote 3 noted a split of authority as to whether a waiver of time credits may be a standard condition of probation without the trial court's exercising any case-specific discretion.

probation officer reported that defendant was in the Sutter County jail from May 4, 2010, to May 31, 2010 (28 days), in the Department of Corrections and Rehabilitation (CDCR) from June 1, 2010, to July 28, 2010 (58 days), and the Yolo County jail from July 29, 2010, to November 12, 2010 (107 days). The probation officer stated that defendant was not entitled to credit for these three periods because he was a sentenced prisoner out of Sutter County, having been sentenced in that case on May 13, 2010, and returned to Yolo County on an order to produce prisoner from CDCR.

Actually, defendant was sentenced in Sutter County on May 12, 2010, and at that time, he was awarded nine actual days and eight conduct days for a total of 17 days of presentence custody credit. On remand, the court did not award additional credit for the time spent in jail or prison for the Sutter County offense, and the abstract of judgment reflects no credit at all for the Sutter County offense even though the court had modified the sentence from a low term of 16 months which had been originally imposed to a consecutive one-third the midterm or eight months. At a subsequent hearing, defense counsel indicated that she would "follow up with CDC[R] and make sure [defendant] gets his credits in Sutter County."

On appeal, defendant claims that he is entitled to 28 actual days, from May 4, 2010, to May 31, 2010, plus conduct credit for time spent in Sutter County jail awaiting transfer to Yolo County on the arrest warrant. He also claims that when the trial court modified the term for the Sutter County offense from a low term of 16 months to a consecutive one-third the midterm or eight months, the trial court failed to calculate the time defendant spent as a sentenced prisoner on the Sutter County offense and award those credits; defendant claims the abstract of judgment must reflect those credits.

The People argue that defendant's custody credits for time spent in Sutter County jail were properly calculated by the probation officer, who noted that the time was attributable to the Sutter County offense. The People concede, however, that time spent in custody on the Sutter County offense should be reflected on the abstract of judgment.

6

We conclude that the abstract of judgment must reflect the credit for the Sutter County offense which the Sutter County court awarded when it originally sentenced defendant, that is, nine actual days and eight conduct days for time spent in custody in the Sutter County jail from May 4, 2010, to May 12, 2010, when defendant was originally sentenced. Defendant received consecutive sentences and is thus not entitled to duplicative credit for May 4, 2010, to May 12, 2010. (Pen. Code, § 2900.5, subd. (b).) Since the trial court modified the term for the Sutter County offense, defendant is entitled to have the abstract of judgment also reflect postsentence *actual* days in prison, from May 13, 2010, onward, whether he was in custody in prison or in Sutter or Yolo County jail. Clearly, defendant is not entitled to Penal Code section 4019 conduct credits since defendant's Sutter County prison sentence was already in progress and he was still under the custody of the Director of Corrections. The trial court has the responsibility to determine these dates of custody and to ensure the abstract of judgment so reflects. (Pen. Code, § 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 37; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1011-1013.)

Since the trial court did not calculate the total time to be credited on the Sutter County offense which must appear on the abstract of judgment, we will remand again.

## DISPOSITION

The matter is remanded to the trial court to calculate the total time to be credited on the Sutter County offense and to prepare an amended abstract of judgment reflecting those credits. The judgment is otherwise affirmed.

                                                         RAYE            , P. J.

We concur:


        NICHOLSON        , J.


        HULL            , J.

7