[No. E013077. Fourth Dist., Div. Two. May 3, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
LASHON MAURICE CULPEPPER, Defendant and Appellant.

**COUNSEL**

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Robert Foster, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HOLLENHORST, J.**—Defendant's sole argument on appeal is that the abstract of judgment must be modified to correctly reflect presentence custody.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant pled guilty to one count of kidnapping his ex-wife (Pen. Code, § 207, subd. (a)),[1] during which he intentionally inflicted great bodily injury (§ 12022.7), one count of assaulting his ex-wife with a deadly weapon (§ 245, subd. (a)(1)), and one count of theft of his ex-wife's automobile (Veh. Code, § 10851), and he admitted a prior serious felony conviction (§ 667) and a prior prison term (§ 667.5, subd. (b)). The court indicated it would impose a sentence of 11 years and requested and obtained defendant's waiver of a probation report. When the court asked counsel "to figure out what [defendant's] credit for time served was," the prosecutor responded that would "be difficult," but defense counsel said he would "get [the necessary] records from the jail, if they'll provide it."

At the commencement of the sentencing hearing, defendant advised the court that he wished to proceed in propria persona pursuant to *Faretta* v.

---

[1]All further code references are to the Penal Code unless otherwise indicated.

*California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]. Reviewing the matter with defendant, the court noted: "Initially . . . [defendant] you had retained counsel. And then the Court had accepted a plea. [¶] Then we relieved that counsel when you wanted to make a motion to withdraw your plea and the Court appointed the Public Defender to represent you. You understand that I've done that. You have a right to an attorney to represent you in this matter, advise you. And that would be at no charge to you if you cannot afford that. Do you understand that?" After defendant responded affirmatively, the court advised him of the dangers of self-representation, denied his request for advisory counsel, relieved the public defender, and rejected defendant's argument he should be permitted to withdraw his guilty pleas.

Stating defendant had waived referral to the probation department, the court imposed the previously indicated 11-year state prison term. When the court inquired regarding credit for time served, the prosecutor responded defendant "went into custody on or about November the 1st of '92." However, the court asked defendant whether that "sound[ed] right," and the parties engaged in the following colloquy:

"THE DEFENDANT: October the—October the 26th, to be exact.

"THE COURT: October 26th of '92?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: Let's try to figure that out.

"[THE PROSECUTOR]: Looks like 306 days total, 204 actual and 102 4019.

"THE COURT: Let me just look. Does that sound like a correct calculation to you, [defendant,] that you'd served 204 days actual custody?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: And then you'd get 102, which would be—works out in this case to be half of that 4019 time, for a total of 306 days credit for time served.

"THE DEFENDANT: Yes.

"THE COURT: Then the Court would use that figure as your credit for time served: 204 days local, 102 days 4019 time, for a total of 306 days credit for time served."

DISCUSSION

■ Defendant's only argument on appeal is that the judgment should be modified to credit him with 309 days in presentence custody rather than the 306 days orally pronounced by the court or the 303 days stated in the abstract of judgment.

The Attorney General responds that this court should not consider defendant's single claim of error concerning credits as the matter was not presented to the trial court and that defendant was entitled to only 308 days of presentence credit.

The Attorney General has correctly computed defendant's presentence credits. At the sentencing hearing on May 19, 1993, defendant advised the trial court he was in custody beginning on October 26, 1992. Accordingly, he had 206 days of actual custody which entitled him to 102 days of conduct credits, for a total presentence custody credit of 308 days. (*People* v. *Browning* (1991) 233 Cal.App.3d 1410 [285 Cal.Rptr. 216].)

We will order the trial court to correct the abstract of judgment. However, as our colleagues in Division One noted in *People* v. *Fares* (1993) 16 Cal.App.4th 954, 957 [20 Cal.Rptr.2d 314], it is disturbing that this minor correction has required the formal appellate process. "The error in question in any view of the matter that we can conceive must be deemed clerical, inadvertent, or at most negligent. A review of the transcript of proceedings at time of sentencing would suggest that the judge was simply inadequately advised on the question of section 4019 credits. . . .

"Is not there a better way of going about this sort of corrective jurisprudence than by including it in a formal appeal, especially when it is the *only* ground of appeal? ■ There is! The most expeditious and, we contend, the appropriate method of correction of errors of this kind is to move for correction in the trial court. It is the obligation of the superior court, under section 2900.5, to calculate the number of credit days and include same in the abstract of judgment (§ 2900.5, subd. (d)). If a dispute arises as to the correct calculation of credit days, such should be presented on noticed motion 'for resolution to the court which imposed the sentence and which has ready access to the information necessary to resolve the dispute.' [Citation.]

"There is no time limitation upon the right to make the motion to correct the sentence. 'The . . . effect of the court's failure to comply with [section 2900.5, subdivision (d)] [is] to render its initial finding and resulting sentence a nullity. It follows that once appropriately apprised of its inadvertence, the court therein [becomes] licensed to impose a proper finding and

sentence. [Citations.]' [Citation.] The court's power to correct its judgment includes corrections required not only by errors of fact (as in the mathematical calculation) but also by errors of law. [Citation.]" (*People* v. *Fares*, *supra*, 16 Cal.App.4th at pp. 957-958, fn. omitted; *People* v. *Little* (1993) 19 Cal.App.4th 449 [23 Cal.Rptr.2d 394].)

■ "A reviewing court has inherent power, on motion or its own motion, to dismiss an appeal which it cannot or should not hear and determine. [Citation.] Section 1248 provides that the appellate court may order dismissal of any appeal which is 'irregular in any substantial particular.' We have found no precise authority which authorizes dismissal, or partial dismissal, of an otherwise proper appeal on the ground of availability of an adequate remedy by way of motion in the superior court. The situation is similar, however, to the failure to exhaust administrative remedies, with respect to which dismissal is appropriate. [Citations.] ■ Where a remedy is available in a lower echelon of judicial administration, recourse to such should be required before the resort to appellate review." (*People* v. *Fares*, *supra*, 16 Cal.App.4th at p. 959.)

■ When the record on appeal discloses error in the calculation of presentence custody credits and/or error in the abstract of judgment, as in this case, appellate counsel should attempt correction in the trial court. Appeal is available if the dispute cannot be resolved in the trial court. However, counsel should be warned that *this* court reserves the right in the future summarily to dismiss appeals directed to correction of presentence custody calculations when it appears that prior resort to the trial court in all likelihood would have afforded an adequate remedy.

## DISPOSITION

The trial court is ordered to correct the abstract of judgment to reflect an additional 5 days of presentence custody credit, for a total of 308 rather than 303 days. The court is further ordered to forward the amended abstract of judgment to the Department of Corrections. In all other respects, the judgment is affirmed.

Dabney, Acting P. J., and McKinster, J., concurred.

A petition for a rehearing was denied May 16, 1994.