Filed 8/15/22  P. v. Moreno CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>OSCAR MORENO,<br><br>        Defendant and Appellant. | D079159<br><br><br>(Super. Ct. No. SCN398370) |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Remanded with instructions.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

Oscar Moreno pled guilty to felony child abuse, grand theft of personal property, and unlawful possession of methamphetamine.  The court stayed imposition of sentence and placed him on probation.  After Moreno later

admitted to four separate probation violations, the court sentenced him to an upper-term prison sentence and imposed several fines, fees, and assessments, which were stayed pending an ability to pay hearing.

Moreno contends that the criminal justice administration fee (Gov. Code, § 29950) must be vacated, that the abstract of judgment must be corrected to reflect the oral pronouncement of judgment, and that the matter should be remanded for resentencing in light of Senate Bill No. 567 (Senate Bill 567) (Stats. 2021, ch. 731, § 1.3, amending 1170, subd. (b)), which created a presumptive mandate for a middle-term sentence. We agree with Moreno, and we will remand the matter for resentencing in light of Senate Bill 567. We will also direct the court to vacate the criminal justice administration fee that remains unpaid as of July 1, 2021 and correct the abstract of judgment to conform with the oral pronouncements.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2019, the People charged Moreno with felony child abuse (Pen. Code,[1] § 273a, subd. (a); count 1), grand theft of personal property (§ 487, subd. (a); count 2), and possession for sale of a controlled substance (Health & Saf. Code, § 11378; count 3).[2]

On April 5, 2019, at the People's request, the trial court amended the complaint to add misdemeanor child endangerment (§ 273a, subd. (b); count 4) and misdemeanor unlawful possession of methamphetamine (Health & Saf. Code, § 11377; count 5).

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

[2]     The details of the underlying crimes are not relevant to this appeal.

2

Moreno pled guilty to grand theft (count 2), misdemeanor child endangerment (count 4), and misdemeanor unlawful possession of methamphetamine (count 5). The court dismissed the remaining charges pursuant to the plea agreement.

On May 2, 2019, the court stayed imposition of sentence and granted four years of probation. It imposed a restitution fine (§ 1202.4, subd. (b)), a court operations assessment (§ 1465.8); a conviction assessment (Govt. Code, § 70373); and a criminal justice administrative fee (*Id.* at § 29550). It ordered those fines and fees stayed pending an ability to pay hearing.

Moreno subsequently admitted he violated the terms of his probation. The court reinstated Moreno's probation and suspended execution of a three-year upper-term sentence. Moreno violated probation again. The court revoked probation and imposed the three-year upper term sentence for count 2, along with two concurrent 180-day terms on counts 4 and 5.

The abstract of judgment includes a restitution fine of $300 (§ 1202.4, subd. (b)), court operations assessment of $120 (§ 1465.8), a conviction assessment of $90 (Gov. Code, § 70373), and a criminal justice administrative fee of $154 (Gov Code., § 29550).

Moreno timely appealed.

## II.
## DISCUSSION
### A. Abstract of Judgment

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385, citing *People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) A court has inherent power to correct an abstract of judgment to accurately reflect the

3

oral pronouncement.  (See *Mitchell*, at pp. 187-188; see also *People v. Culpepper* (1994) 24 Cal.App.4th 1134, 1138-1139; *People v. Donan* (2004) 117 Cal.App.4th 784, 786.)

Moreno contends the abstract of judgment does not conform to the court's oral pronouncement that all fines and fees are stayed pending an ability to pay hearing.  The Attorney General agrees that there is a discrepancy that must be corrected.

The Attorney General separately argues Moreno is not entitled to an ability to pay hearing as to the section 1202.4 restitution fine because the court was required to impose the fine in an amount not less than $300 unless it found compelling and extraordinary reasons for not doing so, and none of those were stated on the record.

At sentencing, the court stated that "all fines, fees and costs are stayed pending an ability to pay hearing."  The minutes likewise reflect the court's statement that the fines, fees, and costs were stayed.  The court never revoked the stay, even when it revoked Moreno's probation.  It did not permanently stay the $300 restitution fine; it merely delayed its imposition to the time when it holds an ability to pay hearing.

The abstract of judgment does not match the oral pronouncement, and it must be corrected.

### B. Criminal Justice Administration Fee

Assembly Bill 1869 (Stats. 2020, ch. 92, § 11) (Assembly Bill 1869) repealed the authority of the court to impose a criminal justice administrative fee, effective July 1, 2021.  It also added Government Code section 6111, subdivision (a), which makes any unpaid balance of a court-imposed cost under Government Code section 29550 unenforceable and

uncollectible and requires any portion of a judgment imposing that cost to be vacated.

Moreno argues, and the Attorney General agrees, that Assembly Bill 1869 applies retroactively. We accept the Attorney General's concession, and we will order that portion of the judgment vacated.

## C. Resentencing

At the time the court placed Moreno on a term of probation with execution of sentence suspended for an upper-term sentence of three years, the court had broad discretion to "select the term which, in the court's discretion, best serves the interest of justice." (§ 1170, former subd. (b), operative until Jan. 1, 2022.) However, during pendency of this appeal, Senate Bill No. 567 (Senate Bill 567) amended Penal Code section 1170 to create a presumptive mandate for a middle term that could only be overcome by certain aggravating factors. (Stats. 2021, ch. 731, § 1.3, amending § 1170, subd. (b).)

In supplemental briefing, Moreno argues he must be resentenced because he did not admit the aggravating factors and, thus, the trial court lacked the discretion to impose the upper term. The Attorney General agrees that Senate Bill 567 applies retroactively here because Moreno's judgment is not final. However, the Attorney General contends that Moreno's prior unsatisfactory performance on probation supplies the aggravating factor that permits the court to impose an upper term. (See Cal. Rules of Court, rule 4.421(b)(5).) The Attorney General maintains that because Moreno admitted his probation and waived his right to an evidentiary hearing, the upper term sentence is valid.

It may be that the trial court would, as the Attorney General urges, find Moreno's previous probation performance provides an aggravating factor

5

that permits imposition of an upper-term sentence. However, because there was no middle-term presumptive sentence requirement at the time of sentencing, we cannot know whether the trial court viewed the previous probation performance as an aggravating factor under the current sentencing requirements. Accordingly, we will remand the matter for resentencing so that the court can consider its discretionary authority in light of Senate Bill 567.

DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing so that the court can consider its discretionary authority in light of Senate Bill 567. We express no opinion on how the court should exercise its discretion. The trial court is directed to (1) vacate the portion of the judgment imposing a criminal justice administrative fee imposed under Government Code section 29550 that remains unpaid as of July 1, 2021; and (2) revise the abstract of judgment to reflect its oral pronouncement that the fines, fees, and costs are stayed pending an ability to pay hearing. The court is also directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

DATO, J.

7