Filed 2/23/24  P. v. Adkins CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALDO RAE ADKINS,<br><br>    Defendant and Appellant. | D081781<br><br><br><br>(Super. Ct. No. SCD152255) |

APPEAL from a judgment of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed as modified.

Belinda Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

In October 2000, a jury convicted Aldo Rae Adkins of first degree murder (Pen. Code,[2] § 187, subd. (a)), with one enhancement for personal use of a deadly or dangerous weapon in the commission of the murder (§ 12022, subd. (b)(1), and two prison prior enhancements (§ 667.5, subd. (b); § 668).  In February 2021, the trial court sentenced Adkins to a determinate term of three years (one year for each of the prior prison term and deadly weapon enhancements), plus an indeterminate term of 25 years to life for first degree murder.  The court also imposed a $1,000 restitution fine, which Adkins paid.

In January 2023, the trial court resentenced Adkins.  The court struck his two prison prior enhancements and sentenced him to 25 years to life for first degree murder, plus a one-year consecutive term for the deadly or dangerous weapon enhancement.  Additionally, the court declared that it "will reimpose the original fine of $1,200, pursuant to . . . section 1202.4(b)."

On appeal, Adkins's only claim is that the trial court incorrectly ordered him to pay a higher fine amount than it originally imposed.  The People do not dispute that the trial court erred, and neither do we.

---

[1]    We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]    All further statutory references are to the Penal Code.

"[T]o 'reimpose' a restitution fine is not to impose a new . . . fine. Rather, to 'reimpose' the fine is to confirm or acknowledge the same fine that previously had been imposed upon conviction.' " (*People v. Cropsey* (2010) 184 Cal.App.4th 961, 965, italics in original [in the context of probation revocation]; see also *People v. Arata* (2004) 118 Cal.App.4th 195, 202–203; *People v. Holman* (2013) 214 Cal.App.4th 1438, 1456.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385, citing *People v. Mitchell* (2001) 26 Cal.4th 181, 185–186 (*Mitchell*).)

Because the trial court intended to reimpose the original fine but mistakenly stated the wrong fine amount, we will amend the January 2023 abstract of judgment to accurately reflect the trial court's reimposition of Adkins's original $1,000 restitution fine. (See *Mitchell*, *supra*, 26 Cal.4th at pp. 187–188 [court has inherent power to correct clerical errors in its records at any time to reflect true facts]; *People v. Culpepper* (1994) 24 Cal.App.4th 1134, 1138–1139 [ordering trial court to correct abstract of judgment to reflect additional days of custody credit]; *People v. Donan* (2004) 117 Cal.App.4th 784, 786 [ordering trial court to amend abstract of judgment in accordance with the court's opinion].)

DISPOSITION

The judgment is modified by striking the fine amount of $1,200 and reimposing the original restitution fine of $1,000. As modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment accordingly and to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


IRION, Acting P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.

4