Filed 10/15/24  P. v. Hernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082439 |
| v. | (Super.Ct.No. FWV20004537) |
| ROBERT CHRISTIAN HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Affirmed with directions.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.  INTRODUCTION

Defendant and appellant Robert Christian Hernandez was convicted, by a jury, of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b); count 1)[1] and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2).  It was also found true that defendant personally used a firearm in the commission of count 1 (§ 12022.5, subds. (a)-(d)) and suffered prior convictions qualifying as a strike offense and a serious prior felony (§§ 667, subds. (a)-(i), 1170.12, subds. (a)-(d)).  Defendant was sentenced to an aggregate term of 28 years in state prison, which included the imposition of a consecutive, 10-year enhancement for personal use of a firearm, as well as the imposition of various fines and fees.

On appeal, defendant contends that (1) the trial court abused its discretion by failing to dismiss his firearm enhancement pursuant to section 1385; (2) the trial court violated his due process rights by imposing fines and fees without assessing his ability to pay; and (3) there is a calculation error with respect to his award of custody credits.  We conclude that defendant has forfeited his claims of error with respect to the trial court's failure to dismiss his firearm enhancement pursuant to section 1385 and the imposition of fines and fees, but we agree that defendant is entitled to an award of additional custody credits.  As such, we modify the judgment to award an additional 811 days of custody credit and affirm the judgment as modified.

---

[1]  Undesignated statutory references are to the Penal Code.

## II. FACTS AND PROCEDURAL HISTORY

A. *Factual Background*[2]

Defendant is an active member of a criminal street gang. In October 2020, defendant and several members of his gang became involved in an altercation with three other individuals. During this incident, defendant warned the three individuals to stand down because they were in territory claimed by defendant's gang. Defendant also brandished a firearm and pointed it at one of the individuals. Eventually, one of the individuals was shot and killed by a fellow gang member who was present with the defendant.

As a result of this incident, defendant was convicted by a jury of assault with a semiautomatic firearm (§ 245, subd. (b); count 1) and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2). Additionally, the jury found true allegations that defendant's offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)), and that defendant personally used a firearm in the commission of count 1 (§ 12022.5, subds. (a)-(d)). In a bifurcated proceeding, the trial court also found true allegations that defendant had suffered a prior conviction qualifying as a strike offense (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), as well as a prior conviction qualifying as a serious felony (§ 667, subd. (a)).

---

[2] The background is taken verbatim from our Opinion in defendant's first appeal (*People v. Hernandez* (Nov. 14, 2022) E077321 [nonpub opn.]) and provided only for context.

The trial court sentenced defendant to an aggregate term of 28 years in state prison. Specifically, the trial court imposed the upper term of nine years on count 1 (§ 245, subd. (b)), doubled to 18 years for the strike prior (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and enhanced by the upper term of 10 years for the personal use of a firearm (§ 12022.5, subds. (a)-(d)).

The trial court also imposed a consecutive upper term on count 2 (§ 29800, subd. (a)(1)), as well as the gang enhancements for both counts (§ 186.22, subd. (b)(1)) but stayed the execution of the sentence on these matters (§ 654). Finally, the trial court struck the enhancement for defendant's prior serious felony conviction (§ 667, subd. (a)(1)) in the interests of justice (§ 1385).

B. *Initial Appeal*, *Remand*, *and Resentencing*

Defendant appealed from the judgment, and we concluded that defendant's sentence, as well as the true findings with respect to the gang enhancements, should be vacated in light of amendments made to sections 1170, subdivision (b)[3] and 186.22.[4] We remanded the matter with directions for the trial court to (1) give the People an

---

[3] Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170, subdivision (b) to provide for the middle term of imprisonment as the presumptive sentence and prohibit imposition of the upper term sentence unless there are aggravating circumstances that have been found true beyond a reasonable doubt. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500, overruled in part on other grounds by *People v. Lynch* (2024) 16 Cal.5th 730, 769; § 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.)

[4] While defendant's initial appeal was pending, the Legislature amended section 186.22 to "essentially ad[d] new elements to the substantive offense and enhancements" in the statute. (*People v. E.H.* (2022) 75 Cal.App.5th 467, 479; § 186.22, subds. (e), (f), (g); Stats. 2021, ch. 699, § 3.)

opportunity to retry the enhancements and prove the truth of any additional circumstances in aggravation not already found true beyond a reasonable doubt, and (2) resentence the defendant at the conclusion of any retrial or upon the People's election not to retry these matters. (*People v. Hernandez, supra*, E077321.) Upon remand, the People elected not to retry the enhancements pursuant to section 186.22, and further elected not to present any additional evidence to prove the existence of additional aggravating factors not already found true beyond a reasonable doubt in defendant's prior trial.

At the resentencing hearing, defendant filed a *Romero*[5] motion inviting the trial court to dismiss his strike offense in the interests of justice pursuant to section 1385; argued that the firearm enhancement for personal use of a firearm should not be imposed pursuant to section 654;[6] and argued that the factors in mitigation outweighed any aggravating factors such that the aggravated term of imprisonment should not be imposed.[7] Despite these requests, the trial court imposed the same sentence of 28 years in state prison, comprised of the upper term of nine years on count 1 (§ 245, subd. (b)),

---

[5] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[6] Specifically, defense counsel argued: "in this case there's the use of the firearm enhancement that added 10 years if the Court were to apply that. The charge in this case was 245 assault with a firearm. The assaultive behavior" was "the displaying of the weapon," "and I think that to add the firearm use enhancement is a 654 issue. [¶] . . . [¶] So there is no other behavior other than the displaying of the weapon, and I think that to add the 10-year enhancement for the use of a firearm when that's the use of a firearm that resulted in the underlying conviction would be a dual use of facts."

[7] Counsel identified multiple circumstances in mitigation identified in Rules of Court, rule 4.423 and concluded by stating: "So, we're asking the aggravated factors not be found and outweigh the mitigating factors such that the aggravated term apply . . . ."

doubled to 18 years for the strike prior (§667, subds. (b)-(i); § 1170.12, subds. (a)-(d)), and enhanced by the upper term of 10 years for the personal use of a firearm (§ 12022.5, subds. (a)-(d))[8].

With respect to imposition of the aggravated term on count 1, the trial court explained: "[T]he fact that concerns me the most is not so much [defendant's] prior record as such but it's the fact that his—the last couple years before this conviction reflect really escalating criminality and it's the fact that he's on parole or being supervised for a lot of gun offenses when he's got the gun in the car and produces the gun. It's exactly why we don't want guns to be around because these are the sorts of dangerous circumstances or these are the sort of tragedies that ensue . . . from people with guns who are not supposed to have them."

The court continued: "I think for the reasons I stated I think the facts in particular weighs very heavily for me the fact that he was on parole for a gun charge and committed it—was sentenced very recently before the enactment of this crime and then produces a gun, . . . just the facts of the case which were in evidence certainly reflect the dangerousness of that behavior. [¶] So based on the aggravating factors . . . , I am going to impose the upper term of nine years on Count 1."

With respect to imposition of the enhancement for personal use of a firearm, the trial court explained: "I am going to impose the 10-year enhancement for the use of a firearm. Again, the firearm is the big dangerous factor in this crime, so I believe that it is

---

[8] The trial court also imposed the upper term of three years on count 2 (§ 29800, subd. (a)(1)) but stayed execution of punishment pursuant to section 654.

appropriate to impose that additional punishment particularly given the defendant's history with firearms that's admitted and undisputed."

Finally, the parties briefly discussed the fact that defendant had raised a due process argument regarding fines and fees in his initial appeal but noted that we did not reach the issue given our disposition requiring a full resentencing. In response, defendant did not renew his claim of any inability to pay and did not direct the trial court to any evidence on that point. As a result, the trial court imposed the same $70 court construction and operations fee it had previously imposed; however, it reduced the original restitution fine of $5,000 down to $300.

## III. DISCUSSION

### A. *Failure to Dismiss the Firearm Enhancement Under Section 1385*

The primary argument raised in this appeal is that the trial court erred by failing to dismiss defendant's enhancement for personal use of a firearm (§ 12022.5, subds. (a)-(d)) in the interests of justice pursuant to section 1385. We conclude that the issue has been forfeited and, as a result, cannot be the basis for reversal on appeal.

#### 1. General Legal Principles and Standard of Review

"Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to include subdivision (c). [Citation.] Section 1385(c)(1) provides that '[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so . . . .' [Citation.] Section 1385(c)(2) provides . . . : 'In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating

7

circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. . . .  One of the mitigating circumstances is:  'The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed.' " (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 295; § 1385, subd.(c).)

Dismissal in the interests of justice under section 1385 constitutes an exercise of discretion, subject to the principles set forth in the statute.  (*People v. Anderson* (2023) 88 Cal.App.5th 233, 239-240 ["The dismissal *shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety."], review granted Apr. 19, 2023, S278786; *People v. Walker* (2022) 86 Cal.App.5th 386, 397 ["As the plain text of section 1385 repeatedly emphasizes, its purpose is to grant trial court *discretion* to dismiss enhancements."].)  Thus, "we review for abuse of discretion the trial court's decision not to strike a sentence enhancement under section 1385, subdivision (a)." (*Mendoza*, *supra*, 88 Cal.App.5th at p. 298.)  The standard is "highly deferential" and the trial court's " ' "exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " ' " (*Ibid*.)

2. Forfeiture

The People suggest that defendant's claim of error with respect to the failure to dismiss under section 1385 has been forfeited.  We agree.

" 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. . . . The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons . . . ." ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.) Thus, "any failure on the part of a defendant to invite the court to dismiss under section 1385… waives or forfeits his or her right to raise the issue on appeal." (*People v. Carmony* (2004) 33 Cal.4th 367, 375-376.) And this rule has been specifically applied to the failure to request dismissal of an enhancement under the amended version of section 1385 now in effect. (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724 [defendant's claim that an enhancement should be stricken pursuant to the amended section 1385 forfeited for failure to make request at time of sentencing].)

Here, both parties acknowledge on appeal that defendant never invited the trial court to exercise its discretion to dismiss the firearm enhancement pursuant to section 1385. While defendant requested the trial court decline to impose the firearm enhancement pursuant to section 654, he did not suggest that dismissal was also appropriate under section 1385. As a result, the parties never argued the issue of whether the "great weight" of mitigating circumstances warranted dismissal under section 1385, and the trial court never discussed what findings it would have made under the statute when articulating its sentencing choices.

Defendant suggests that the argument has not been forfeited because section 1385, subdivision (c)(2)(C) mandates dismissal whenever the application of an enhancement results in a sentence of over 20 years and, as a result, the issue presents a "pure question of law." However, this argument "has been rejected by every court that has considered it" (*People v. Cota* (2023) 97 Cal.App.5th 318, 335), including this court (*Mendoza, supra* at 295-300). Instead, as we have already explained, whether an enhancement should be dismissed under section 1385 constitutes an exercise of discretion by the trial court.

Defendant also suggests that the argument has not been forfeited because "[a]t resentencing, [defendant] made the trial court well aware of the facts underlying the mitigating factors" when "arguing the trial court should not impose the upper term on the base count." However, "the trial court has no sua sponte duty" (*People v. Lee* (2008) 161 Cal.App.4th 124, 129 ) and "no obligation to make a ruling, under section 1385" (*People v. Carmony* (2004) 33 Cal.4t 367, 375). Instead, a defendant has the right to " 'invite the court to exercise its power by an application' " and, if the defendant does so, " 'the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' " (*Carmony*, at p. 375.) Thus, even if the trial court was aware of facts that could support the exercise of discretion under section 1385, the trial court was not required to consider whether dismissal would be appropriate under the statute or make any findings related to the application of the statute absent an invitation to do so by the parties.

Because it is undisputed that the parties never invited the trial court to exercise its discretion under section 1385 to dismiss defendant's firearm enhancement and nothing in the record suggests the trial court considered section 1385 when imposing the enhancement, we must conclude the argument has been forfeited. We cannot assess whether the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner where the trial court was never asked to and did not exercise its discretion in the first instance.[9]

3. The Appellate Record Does Not Establish Ineffective Assistance of Counsel

Anticipating that his claim regarding the failure to dismiss the firearm enhancement pursuant to section 1385 would be deemed forfeited, defendant argues that we should still reverse because his trial counsel's failure to invite the trial court to exercise its discretion under section 1385 constituted ineffective assistance of counsel. We conclude that the record is inadequate to grant relief on direct appeal.

"A defendant seeking relief on the basis of ineffective assistance of counsel must show both that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and that it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings." (*People v. Price* (1991) 1 Cal.4th 324, 386 (*Price*).) When examining whether trial

_____

[9] For this reason, we decline the People's invitation to consider whether, even in the absence of forfeiture, defendant's claims would fail on the merits. While the trial court made sentencing choices and statements that reflect the view defendant should receive a lengthy sentence, the record is not adequate to determine how the trial court may have weighed the various factors under the guidance set forth in section 1385 if it had been invited to do so.

counsel failed to act in a manner to be expected of a reasonably competent attorney, "a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance." (*People v. Mai* (2013) 57 Cal.4th 986, 1009; *People v. Lucas* (1995) 12 Cal.4th 415, 443 ["[W]e presume counsel's decision not to raise [a] claim was a reasonable, tactical one unless the record affirmatively demonstrates otherwise."].)

Thus, "[i]t is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai*, *supra*, 57 Cal.4th at p. 1009; *People v. Lopez* (2008) 42 Cal.4th 960, 972 ["[C]laims of ineffective assistance of counsel should be raised on habeas corpus, not on direct appeal" because " 'the failure to object will rarely establish ineffective assistance.' "].)

Here, the record is simply inadequate to determine the merits of defendant's claim regarding ineffective assistance on direct appeal. As is widely recognized, "[t]rial counsel is not required to make futile objections, advance meritless arguments or undertake useless procedural challenges merely to create a record impregnable to assault for claimed inadequacy of counsel." (*People v. Jones* (1979) 96 Cal.App.3d 820, 827.) Thus, "[c]ounsel does not render ineffective assistance by failing to make motions or objections that counsel reasonably determines would be futile." (*Price*, *supra*, 1 Cal.4th

at p. 387.) The record discloses that the trial court repeatedly expressed its view that defendant's use of a firearm was particularly egregious and deserving of punishment at the time of the resentencing hearing.[10] Thus, an objectively reasonable trial attorney could have reasonably concluded that asking for leniency in the form of dismissing the firearm enhancement would be futile and that it would be a more effective strategy to focus the trial court's attention on other arguments that could reduce defendant's sentence. Because the record on appeal does not disclose trial counsel's actual motivations and because trial counsel's decision not to raise this specific issue could have been objectively reasonable under the circumstances, defendant has not met his burden to show entitlement to reversal based upon ineffective assistance of counsel on direct appeal.[11]

B. *Failure to Assess Defendant's Ability to Pay Fines and Fees*

Defendant also argues that the trial court erred by imposing $370 in fines and fees without conducting an assessment of defendant's financial ability to pay. We conclude that this argument has also been forfeited.

---

[10] In fact, the trial court specifically expressed the belief that imposition of the firearm enhancement was particularly appropriate under the facts of this case, stating: "I am going to impose the 10-year enhancement for the use of a firearm. Again, the firearm is the big dangerous factor in this crime, so I believe that it is appropriate to impose that additional punishment particularly given the defendant's history with firearms that's admitted and undisputed."

[11] Defendant has also filed a petition for writ of habeas corpus alleging ineffective assistance of counsel, which we ordered to be considered with this appeal for the purpose of determining whether an order to show cause should issue. We have concluded that petitioner has made a prima facie showing sufficient to warrant issuance of an order to show cause on his petition, and we address the matter by separate order.

In *People v. Duenas* (2019) 30 Cal.App.5th 1157 (*Duenas*), the Court of Appeal "held that a trial court must 'conduct an ability to pay hearing and ascertain a defendant's present ability to pay' before requiring a defendant to pay assessments . . . or a restitution fine . . . ." (*People v. Jones* (2019) 36 Cal.App.5th 1028, 1030.)  However, the general rule is that "a defendant who fails to object to the imposition of fines, fees, and assessments at sentencing forfeits the right to challenge those fines, fees and assessments on appeal." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624.)  And this rule of forfeiture applies to challenges based upon the purported inability to pay under *Duenas*. (*Greeley*, at p. 624 [defendant forfeited claim of error under *Duenas* by failing to object or request an ability-to-pay hearing at sentencing]; *People v. Keene* (2019) 43 Cal.App.5th 861, 864 [same].)

In this case, the issue has clearly been forfeited.  At defendant's resentencing hearing, the trial court expressly indicated it intended to impose the same fines and fees previously imposed and asked counsel if there was any need to revisit the issue.  In response, defense counsel noted that defendant's ability to pay had been raised as a claim of error in defendant's first appeal.  However, when the trial court indicated that our opinion in that appeal never reached the merits of the issue, defense counsel did not renew his objection; did not indicate an intent to contest any fines, fees, or assessments; did not request an ability-to-pay hearing; and did not otherwise direct the court to any evidence to suggest defendant would be unable to pay the $370 of fees and assessments the trial court intended to impose.  Absent a timely and specific objection, the claim of error has been forfeited.

On appeal, defendant contends that counsel's statement that the issue had been raised in defendant's initial appeal was sufficient to preserve the issue because it "put the trial court on notice of the need to determine [defendant's] ability to pay before imposing fines and fees." However, as multiple published decisions have clarified, "a defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay . . . ." (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490; *People v. Santos* (2019) 38 Cal.App.5th 923, 934; ["[I]t is the defendant's burden to demonstrate an inability to pay, not the prosecution's burden to show the defendant *can* pay, as the *Duenas* decision might be read to suggest."]; *People v. Kopp* (2019) 38 Cal.App.5th 47, 96 [same].) Merely mentioning that an argument had been made by appellate counsel in a prior proceeding does not communicate to the trial court an intent to renew that argument or contest the issue at the time of resentencing, especially where there is no request to present any evidence to support a claim of inability to pay.[12] We conclude defendant's argument has been forfeited and decline to reverse on this basis.

C. *Defendant Is Entitled to a Recalculation of Custody Credits*

Defendant contends and the people concede that the trial court made a calculation error in awarding custody credits to defendant. We agree that defendant is entitled to an

---

[12] Even in the absence of forfeiture, we fail to see how this record could support defendant's claim of error. Because it was defendant's burden to present evidence and make a showing that he could not pay the fines or fees at issue, defendant could not meet this burden without directing the trial court to evidence in support of his assertion of an inability to pay.

additional 811 days of actual custody credit beyond the amount reflected in the abstract of judgment.[13] We briefly note that "[t]he most expeditious and . . . appropriate method of correction of errors of this kind is to move for correction in the trial court." (*People v. Culpepper* (1994) 24 Cal.App.4th 1134, 1138; § 1237.1.) Nevertheless, in the interests of justice and judicial economy, we shall modify the judgment to clarify the amount of custody credits awarded and order that the abstract of judgment be corrected.

## IV.  DISPOSITION

The judgment is modified to reflect that defendant is awarded an additional 811 days of actual custody credit, for a total of 1,098 days.  The trial court is ordered to correct the abstract of judgment to reflect this modification and further ordered to forward the amended abstract of judgment to the Department of Corrections.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                                          J.

We concur:

RAMIREZ
                    P. J.


RAPHAEL
                    J.

---

[13] As the People point out, it is unclear from the trial court's pronouncement of judgment whether the trial court intended that defendant's credits be increased and recalculated at the time of resentencing.  However, the amended abstract of judgment did not include any additional credits.