Filed 3/11/13  P. v. Tupper CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C070979 |
| Plaintiff and Respondent, | (Super. Ct. No. SCR76775) |
| v. | |
| KIM ASHLEY TUPPER, | |
| Defendant and Appellant. | |

Defendant Kim Ashley Tupper pleaded guilty to felony corporal injury of a spouse, cohabitant, or child's parent (Pen. Code, § 273.5, subd. (a)).[1]  Imposition of sentence was suspended and he was placed on three years' formal probation.  He was continued on probation after admitting to violating his probation by failing to enroll in a batterer's treatment program.  After he admitted to violating probation a second time, the

---

[1]     Undesignated statutory references to follow are to the Penal Code.

1

trial court terminated probation and sentenced defendant to three years in state prison with 387 days' presentence credit (230 actual, 128 conduct, and 29 state custody).[2]

On appeal, defendant contends the trial court failed to award credits for time he spent in a residential rehabilitation facility. We affirm.

DISCUSSION

We dispense with facts of defendant's crime and probation violations, as they are unnecessary to resolve this appeal.

Defendant's sole claim is that he was entitled to custody credits for the 91 days he spent in a residential rehabilitation facility.

Pursuant to a condition of his probation, defendant entered the Skyway House Residential Treatment Program on June 2, 2011, and remained there until leaving on August 31, 2011. A defendant is entitled to custody credit under section 2900.5, subdivision (a), for time spent in a residential rehabilitation facility if the placement was "custodial" and the custody was attributable to the proceedings relating to the conduct for which the defendant has been convicted. The award of credits did not include the 91 days spent in the residential treatment program.

Defendant admits that the initial grant of probation included condition number 20, which states in pertinent part: **"No custody time credits will accrue for participation in a residential treatment program, as a condition of probation"** (boldface type in original), but claims he never agreed to the condition.

It is well settled that a defendant may waive custody credits as a condition of probation, or in exchange for other sentencing considerations. (*People v. Salazar* (1994) 29 Cal.App.4th 1550, 1553.) A "*Johnson* waiver" (see *People v. Johnson* (1978) 82 Cal.App.3d 183) allows a criminal defendant to waive entitlement, past or future, to the

---

**2** Defendant's conduct credits were limited because he had a prior serious and violent felony conviction.

custody credits authorized by section 2900.5 against a jail or prison sentence. In a later case, also entitled *People v. Johnson* (but dealing with a different defendant), our Supreme Court explicitly endorsed this concept. (*People v. Johnson* (2002) 28 Cal.4th 1050, 1054-1055 ["[l]ike the Courts of Appeal that have addressed the issue, we too conclude that a defendant may expressly waive entitlement to section 2900.5 credits against an ultimate jail or prison sentence for past and future days in custody"].) However, "[a]s with the waiver of any significant right by a criminal defendant, a defendant's waiver of entitlement to section 2900.5 custody credits must, of course, be knowing and intelligent. [Citation.]" (*People v. Johnson, supra,* at p. 1055.) "The gravamen of whether such a waiver is knowing and intelligent is whether the defendant understood he was relinquishing or giving up custody credits to which he was otherwise entitled under section 2900.5. [Citation.]" (*People v. Arnold* (2004) 33 Cal.4th 294, 308.)

The better practice is for sentencing courts to expressly admonish defendants who waive custody credits. "A sentencing court's failure to include such an explicit advisement will not, however, invalidate a *Johnson* waiver by which the defendant is otherwise found to have knowingly and intelligently relinquished his or her right to custody credits under section 2900.5." (*People v. Arnold*, *supra*, 33 Cal.4th at p. 309.)

The trial court did not explicitly admonish defendant about the waiver of custody credits for time spent in a rehabilitation facility. Nonetheless, when granting probation the trial court informed defendant that "Special Condition 20 is imposed." Also, before it granted probation, the trial court told defendant that probation would be subject to "the strict terms and conditions of probation that are set forth in the [probation] report," among which were condition number 20. Defendant's counsel stated that defendant agreed to the strict conditions, and defendant signed the portion of the probation form which stated that he had read and understood the probation conditions.

Condition number 20 was not reiterated when probation was continued, but the new probation order stated that the "[o]riginal terms in full force and effect except as modified herein this date." The new probation order did not withdraw condition number 20 or indicate that defendant was entitled to custody credits for time in a residential treatment program.

Defendant signed a document stating he had read and understood condition number 20, the trial court informed him that the condition would be imposed, and counsel agreed to the imposition of probation subject to the specified conditions, including, by inference, the limit on conduct credits. Looking at the totality of the evidence, defendant made a knowing and intelligent waiver of his right to conduct credits for time spent in the residential treatment program.

## DISPOSITION

The judgment is affirmed.


                                            NICHOLSON       , J.



We concur:



      RAYE       , P. J.



      BLEASE      , J.


4