Filed 11/27/24  P. v. Jackson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083012 |
| v. | (Super.Ct.No. FSB034027) |
| DUWAYNE M. JACKSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed with directions.

Richard J. Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Laura G. Baggett and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant and appellant Duwayne Jackson appeals a judgment following his resentencing pursuant to Penal Code[1] section 1172.75. Defendant was represented by counsel during the resentencing hearing, but was not personally present and did not waive his right to be present. We conclude the court erred in conducting the hearing in defendant's absence, but the error was harmless since he had already fully served his sentence on this case at the time of the resentencing. However, we remand the matter for the court to recalculate his custody credits and amend the abstract of judgment.

PROCEDURAL BACKGROUND

On May 30, 2002, defendant entered a guilty plea to one count of evading an officer (Veh. Code, § 2800.2, subd. (a), count 1), and one count of being a felon in possession of a firearm (§ 12021, subd. (a)(1), count 2), and he also admitted having one prison prior, within the meaning of section 667.5, subdivision (b). The parties stipulated that he would receive no more than three years as a sentence, and that term would be served concurrently with any time he received if convicted in a separate attempted murder case. In September 2002, the trial court imposed a three-year term, consisting of the midterm of two years on count 1, a concurrent midterm of two years on count 2, and one year on the prison prior. The court ordered the sentence to run concurrently with

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

defendant's sentence in his attempted murder case and gave him credit for time served of 259 days.

On November 16, 2023, the court held a hearing pursuant to section 1172.75. Defendant was not present, but was represented by counsel. Counsel informed the court that defendant was currently in custody in state prison, serving time in a murder case. The prosecutor asked the court to strike the prison prior and "leave it off calendar because [defendant] would have credit [for] time served on this case by this point." The court struck defendant's prison prior and the one-year term imposed on it and reduced defendant's sentence to two years, which the court stated was still to be concurrent to any other term he was obligated to serve. The clerk issued an amended abstract of judgment to reflect the change.

Defendant filed a timely notice of appeal.

## DISCUSSION

### The Trial Court Erred in Conducting a Section 1172.75 Resentencing Hearing in Defendant's Absence Without a Valid Waiver, But the Error Was Harmless

Defendant contends the court erred in conducting the resentencing hearing in his absence, without a valid waiver. He argues the matter should be reversed and remanded for another resentencing hearing. Defendant also points out that the amended abstract of judgment does not reflect any days of custody credits, and the matter should be remanded for the court to recalculate his custody credits and prepare an amended abstract. The People concede the record does not reflect that defendant waived his right to be present at

3

the resentencing hearing. However, they argue that, because defendant has already served his time on this case, the trial court could not possibly have reduced his sentence further; thus, the error of proceeding in his absence was harmless beyond a reasonable doubt. The People also concede that the abstract of judgment should be corrected to accurately reflect defendant's custody credits at the time of his resentencing. We agree with the People.

A. *The Court Erred in Proceeding With the Resentencing Hearing Without a Waiver*

The California and federal constitutions guarantee a defendant's right to be personally present at all critical stages of criminal proceedings, including sentencing and resentencing. (See *People v. Velasco* (2023) 97 Cal.App.5th 663, 673-674 (*Velasco*) [§ 1172.75 proceeding]; *People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348 (*Cutting*).) A defendant's statutory and constitutional right to be present at resentencing "may be waived." (*Velasco, supra*, 97 Cal.App.5th at p. 673.) "[P]ursuant to section 977, subdivision (b)(1)-(2), in all cases in which a felony is charged, the defendant is required to be personally present at the time of the imposition of sentence unless he executed a written waiver of his right to be present or the waiver was properly entered orally on the record" by himself or his counsel. (*Id*. at pp. 673-674; § 977, subds. (b)(1) & (2).)

Defendant contends he was entitled to be present at the resentencing hearing. He states that he did not waive his right to be present, and his lawyer did not represent to the court that he had surrendered it. The People concede. We conclude the trial court erred

4

in proceeding with resentencing in defendant's absence and without a valid waiver of his right to be present.

B. *Defendant's Absence From the Hearing Was Harmless Error*

Because the trial court's error resulted in a violation of defendant's federal constitutional right to be present at a critical stage of the proceedings, we review the error under *Chapman v. California* (1967) 386 U.S. 18, 23 to determine if it was harmless beyond a reasonable doubt. (*Cutting*, *supra*, 42 Cal.App.5th at p. 348; *Velasco*, *supra*, 97 Cal.App.5th 663, 674.)

Defendant contends that, had he been present at the resentencing hearing, he "may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; he may have made a plea for leniency." (*Cutting*, *supra*, 42 Cal.App.5th at p. 350.) He notes that section 1172.75 expressly allows the trial court to consider postconviction factors such as "the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

The record shows that defendant has already served his time in this case, as he was originally sentenced to three years in 2002, and the resentencing hearing was held in 2023. Defense counsel acknowledged that defendant remained in custody only on a

5

separate case. Accordingly, the error in conducting the hearing in defendant's absence was harmless beyond a reasonable doubt, since there were no postconviction factors he could have offered, and the court could have used, to reduce his sentence in the instant case. In other words, the court could offer him no effective relief.

## II.  The Abstract of Judgment Should Be Corrected

Defendant contends the trial court erred when it failed to address the issue of custody credits at the resentencing hearing. He points out that the amended abstract of judgment filed after the hearing "reflects no custody credit days he had at the time of his original sentencing nor any additional credit for the time served between that 2002 original sentencing and his November 2023 resentencing." He requests the matter to be remanded for the trial court to recalculate his custody credits and prepare an amended abstract of judgment. The People state that it would be a "fairly meaningless exercise" since defendant has already served his sentence in this case; however, they nonetheless concede the abstract of judgment should be corrected to reflect the appropriate amount of custody credits.

Section 2900.5, subdivision (d) states:  "It shall be the duty of the court imposing the sentence to determine the date or dates of any admission to and release from custody prior to sentencing, and the total number of days to be credited pursuant to the provisions of this section. The total number of days to be credited shall be contained in the abstract of judgment provided for in Section 1213."  (See *People v. Montalvo* (1982) 128 Cal.App.3d 57, 62 ["it is the business of the trial court, and not the appellate court, to

6

determine the credit to which the defendant is entitled by reason of presentence confinement."]; *People v. Mitchell* (2001) 26 Cal.4th 181, 187-188 ["trial courts have the duty [Citation] and are better suited to calculate presentence custody credits"].)  When a court modifies a sentence, it has a duty to recalculate custody credits upon the remand. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 41.)  The court must "determine[] all actual days defendant had spent in custody, whether in jail or prison, and award[] such credits in the new abstract of judgment."  (*Ibid*.)

Because the trial court failed to address defendant's custody credits at the time of resentencing, we will remand the matter for the court to recalculate defendant's custody credits and correct the abstract of judgment.  (*People v. Salazar* (1994) 29 Cal.App.4th 1550, 1557 ["we shall simply remand to the trial court because it is in the best position to determine whether it correctly calculated the credits to which [defendant] was entitled."].)

## DISPOSITION

The matter is remanded to the superior court with directions to recalculate defendant's custody credits and amend the abstract of judgment to reflect the correct amount of custody credits. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

8